UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANA DUTAN,

                Plaintiff,

                                                                Index. No.:
                                                                COMPLAINT
                -against-                            JURY TRIAL DEMANDED

BRIDAL DIRECT LLC., D/B/A BRIDAL DIRECT,
LEAH ROVNER D/B/A BRIDAL DIRECT,
AND GOLDY ROVNER D/B/A BRIDAL DIRECT

                Defendants.
------------------------------------------------------------------------X

      Plaintiff, ANA DUTAN, by and through her, attorney, Heriberto A. Cabrera, as and for her Complaint against BRIDAL DIRECT LLC., D/B/A BRIDAL DIRECT, LEAH ROVNER D/B/A BRIDAL DIRECT, AND GOLDY ROVNER D/B/A BRIDAL DIRECT, ("Defendants"), respectfully allege as follows:

## INTRODUCTION

1. This is a suit to recover unpaid overtime hours compensation from the Defendants, pursuant to New York State Labor Law Sections 190 *et seq* ("NYSLL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks unpaid overtime wages, liquidated damages, notice violations, reasonable attorney's fees, costs, and pre and post-judgment interest for Defendants' willful failure to pay overtime, inter alia, to Plaintiff Ana Dutan (hereinafter "Dutan").

3. Plaintiff demands a jury trial on all issues that may be tried by a jury.

## PARTIES

4. Plaintiff Dutan is a resident of Kings County, New York, and she was an employee of Defendants as a seamstress, maintenance worker, and stock

1

person at Bridal Direct LLC, d/b/a Bridal Direct., with the business located at 2000 Coney Island Avenue, Brooklyn, NY 11223.

5. Upon information and belief, Bridal Direct LLC. d/b/a Bridal Direct, (hereinafter "Bridal Direct"), is a domestic corporation doing business within the State of New York, County of Kings, and has a principal place of business in Kings County in New York at 2000 Coney Island, Brooklyn, NY 11223.

6. Upon information and belief, Bridal Direct, is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

7. Bridal Direct is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a bridal shop based at 2000 Coney Island Avenue, Brooklyn, NY 11223, where Defendants controlled the terms, conditions and pay practices relating to the Plaintiff.

8. Upon information and belief, Defendant, Leah Rovner d/b/a Bridal Direct (hereinafter "Leah"), is an individual and natural citizen doing business within the State of New York, County of Kings, and has a principal place of business in Kings County in the City and State of New York at 2000 Coney Island Avenue, Brooklyn, NY 11223
.

9. Upon information and belief, Defendant, Leah is an owner and

2

supervisor/manager of employees of Bridal Direct.

10. Upon information and belief, Defendant, Leah, is an individual who maintains her principal place of business in Brooklyn, NY and serves as principal manager/supervisor and/or substantially controls the operations of Defendant, Bridal Direct, through which she acted as an employer, as understood by the FLSA and NYSLL, of the Plaintiff by controlling the terms and conditions and pay practices related to the Plaintiff's work.

11. Upon information and belief, Defendant, Goldy Rovner d/b/a Bridal Direct (hereinafter "Goldy"), is an individual and a natural citizen doing business within the State of New York, County of Kings, and has a principal place of business in Kings County in in the City and State of New York at 2000 Coney Island Avenue, Brooklyn, NY 11223.

12. Upon information and belief, Defendant, Goldy, is an owner and supervisor/manager of employees of Bridal Direct.

13. Upon information and belief, Defendant, Goldy, is an individual who maintains her principal place of business in Brooklyn, NY and serves as a principal manager and/or substantially controls the operations of Defendant Bridal Direct, through which she acted as an employer, as understood by the FLSA and NYSLL, of the Plaintiff by controlling the terms and conditions and pay practices related to the Plaintiffs' work.

14. Plaintiff Dutan was an "employee" of Defendants within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

## JURISDICTION AND VENUE

15. This court has subject matter jurisdiction over Plaintiff's Fair Labor Standards Act

("F.L.S.A.") claims pursuant to 28 U.S.C. § 1331 and § 1337 and supplemental jurisdiction over Plaintiff's NYSLL claims pursuant to 28 U.S.C. § 1367.

16. This Court also has jurisdiction over Plaintiff's F.L.S.A. claims pursuant to 29 U.S.C. § 201 et seq. and in particular, 29 U.S.C. § 216(b).

17. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because this action concerns wages and hours violations that occurred within the Judicial District and all parties reside in and/or conduct business within the Judicial District.

## FACTS

18. At all times relevant to this Complaint, Plaintiff received payments from Defendants and were economically dependent on Defendants in regards to making their living.

19. Defendants had the power to hire and fire employees including the Plaintiff.

20. Defendants supervised and controlled Plaintiff's work schedules and/or conditions of employment.

21. Defendants, through their agents, determined the rate and method of payment of Plaintiff's wages.

22. Plaintiff Dutan worked for Defendants as a seamstress, maintenance worker, and stock person at this location from on or about March, 2013 until on or about August 15, 2022.

23. Defendants controlled, managed and supervised the location where the work was performed and the hours of work and the rate of pay was controlled by the same individual Defendants and the corporate Defendant, namely Bridal Direct LLC., located at 2000 Coney Island Avenue, Brooklyn, New York 11223.

24. From on or about March, 2013 until on or about August 15, 2022, Plaintiff Dutan worked 6 days per week with shifts which ranged from 9 to 11 hours per day and was paid the following wages:

    a. March 2013 – December 2014, $10.00 per hour
    b. January 2015 – December 2019, $16.00 per hour
    c. January 2020 – August 15, 2022, $18.00 per hour

25. During her period of employment with defendants, Plaintiff Dutan was never paid any premium pay for overtime hours worked.

26. Plaintiff did not exercise any discretion over her tasks or over any significant aspects of the manner the Defendants ran their business. Nor did Plaintiff have control over the manner she could execute the tasks assigned to her.

27. Defendants routinely required Plaintiff to work hours that were not recorded on the Defendants' time sheets.

28. Upon information and belief, Defendants kept and/or allowed to be kept inaccurate records of the hours worked by Plaintiffs.

29. Defendants failed to adequately and accurately disclose and/or keep track of the number of hours Plaintiff worked during the day, the total hours Plaintiff worked during the week and/or the total amount of overtime hours worked each week.

30. If Plaintiff's hours had been properly documented and calculated, then the Plaintiff's total amount of hours worked would have triggered payment calculated at premium overtime rates well in excess of the amount of money actually paid to Plaintiff by the Defendants.

31. Defendants' policy and practice was to be deliberately and/or willfully indifferent to

the amount of regular wages and overtime wages that Plaintiff was entitled to under the law.

32. At all times, Defendants' policy and practice in regards to paying wages to Plaintiff, Dutan, had been willful in its violation of the relevant federal and state labor laws.

## FIRST CAUSE OF ACTION

*Failure to Pay Overtime Wages (Federal)*

33. Plaintiff re-alleges paragraphs 1-32 of this Complaint as is set forth fully herein.

34. Plaintiff was a non-exempt employee of the Defendants as understood by the FLSA at all relevant times.

35. At all relevant times, Plaintiff was not paid time and a half based on his regular hourly rate of pay for any and all hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207.

36. Plaintiff routinely worked hours in excess of 40 hours per week.

37. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

38. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to back pay for unpaid overtime wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## SECOND CAUSE OF ACTION

*Failure to Pay Overtime (State)*

39. Plaintiff re-allege paragraphs 1-38 of this Complaint as if set forth fully herein.

40. Plaintiff was employed by the Defendants within the meaning of the New York State Labor Law §§ 2(7) and § 190(2).

41. Defendants failed to pay Plaintiff overtime wages at a rate at least one and a half times their regular rate of pay for each hour worked in excess of forty hours per week.

42. Plaintiff routinely worked hours in excess of 40 hours a week.

43. Defendants' failure to pay overtime wages to Plaintiff violated New York Labor Law which requires employers pay employees overtime for hours worked in excess of 40 hours per week at the rate of one and a half times the employee's regular hourly wage or the prevailing minimum wage (whichever is greater).

44. Said violations have been willful within the meaning of New York State Labor Law § 198(1-a).

45. Thus, Plaintiff is entitled to recover from Defendants unpaid overtime wages in an amount to be determined at trial, and an amount equal to those unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of this action and pre-judgment interest.

## THIRD CAUSE OF ACTION

*Violation of the Notice and Recordkeeping Requirements of the New York Labor Law*

46. Plaintiff re-allege paragraphs 1-45 of this Complaint as if set forth fully herein.

47. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer' the name of the employer; any "doing businesses as" names used by the employer' the physical address of the employer's main office or principal place of business and a mailing address if different; and the telephone number of the employer, as required

7

by NYLL §195(1).

48. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorney's fees.

## FOURTH CAUSE OF ACTION

*Violation of the Wage Statement
Provisions of the New York Labor Law*

49. Plaintiff re-allege paragraphs 1-48 of this Complaint as if set forth fully herein.

50. With each payment of wages, Defendants failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime house worked, as required by NYLL 195(3).

51. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaration that the Defendants' acts and practices complained of herein are willful violations with the meaning of 29 U.S.C. § 260 and NYSLL § 198(1-a).

b. Directing Defendants to make Plaintiff whole for all unpaid overtime wages due as a consequence of Defendants' violation of FLSA and

8

NYSLL;

c. Directing Defendants to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

d. Awarding, Plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

e. Awarding Plaintiff pre- and post-judgment interest as provided for in NYSLL § 198(1-a), and;

f. Awarding Plaintiff statutory damages pursuant to NY State Labor Law wage notification requirements, and;

g. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff demand a trial by jury as to all issues in the above matter.

Dated: January 3, 2023
Brooklyn, NY

HERIBERTO A. CABRERA & ASSOCIATES

___*/s/ Heriberto Cabrera*_____
Heriberto A. Cabrera, Esq.
*Attorneys for Plaintiff*
480 39th Street, 2nd Floor
Brooklyn, NY 11232